UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMIE BLACK,

          Plaintiff,

vs.                                  Case No. 3:06-cv-478-J-33MCR

KLEIN, BURY, REIF, APPLEBAUM &
ASSOCIATES, INC., d/b/a U.S. LEGAL
SUPPORT, INC.,

          Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to the Joint Stipulation of Voluntary Dismissal with Prejudice (Doc. # 11), filed by the parties in this case on February 8, 2007. The parties agree that this action be dismissed with prejudice, that all pending motions be denied as moot, and that they will bear their own attorney's fees and costs, except as otherwise provided for in the agreement reached by the parties. The parties represent that Plaintiff Jamie Black's claims under the Fair Labor Standards Act (FLSA) have been resolved in full without compromise.

Under Lynn's Food Stores, Inc. v. Dep't of Labor, 679 F.2d 1350 (11th Cir. 1982), private settlements of FLSA cases are improper. See id. at 1352-53.[1] Instead, a district court may

---

[1] The Eleventh Circuit stated, "There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees." Lynn's Food Stores, 679 F.2d at 1352.

1

enter a stipulated judgment on the agreement of the parties. Id. at 1353. Before entering a stipulated judgment on such an agreement, a district court must "scrutiniz[e] the settlement for fairness." Id. However, "[w]here a plaintiff is offered full compensation on his FLSA claim, no compromise is involved and judicial approval is not required." Dail v. George A. Arab, Inc., 391 F. Supp. 2d 1142, 1145 (M.D. Fla. 2005) (citing Mackenzie v. Kindred Hosps., 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003)).

Upon review of the parties' representation that Black's FLSA claims have been resolved in full without compromise, this Court finds that dismissal of this matter is proper.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

1. That this cause be and the same is hereby dismissed with prejudice.

2. That the Clerk shall terminate any previously scheduled deadlines and pending motions, and close the case.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 20th day of February 2007.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

---

The first way is by payment of back wages under the supervision of the Secretary of Labor. Id. at 1353. The second is by stipulated judgment entered by the court in litigation. Id. (emphasis added). This, of course, excludes private settlements.